**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Vasant Thakkar and<br>Prafulla Thakkar<br><br>Plaintiffs,<br><br>Vs.<br><br>Station Operators Inc. D/B/A<br>ExxonMobile Cors, ExxonMobile<br>Oil Corp. and Kelly Bissias;<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **FILED: JUNE 10, 2008**<br>**08CV3344**<br>**JUDGE PALLMEYER**<br>**MAGISTRATE JUDGE COX**<br><br>**AEE** |

**COMPLAINT**

1. Plaintiffs Vasant Thakkar and Prafulla Thakkar, by and through Their attorney, Jeffery P. Gray, seek redress for race, national origin, age and religious discrimination. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* as amended, 42 U.S.C. § 1981, The Age Discrimination in Employment Act 29 U.S.C. § 623 et seq. and for pendant state relief.

**Jurisdiction and Venue**

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 623 et seq., 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and 28 U.S.C. § 1331. The Court has jurisdiction over state supplemental claims pursuant to 28 U.S.C. § 1367.

3. On May 31, 2007 Vasant and Prafulla Thakkar timely filed a charge of discrimination with the Illinois Department of Human Rights and those charges were cross filed Equal

Employment Opportunity Commission ("EEOC") under Charge Numbers 21B-2007-01744 and 21B-2007-01745

4. On April 22, 2008, the EEOC issued Vasant and Prafulla Thakkar a Notice of Right to Sue and this suit has been commenced within 90 days of the Plaintiffs receipt of the Notice of Right to Sue.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the unlawful employment practices alleged herein occurred in this district.

**The Parties**

6. Vasant and Prafulla Thakkar are husband and wife and both were employees of Station Operators Inc D/B/A ExxonMobile Cors and ExxonMobile Oil Corp. within the meaning of 42 US.C. § 2000e(f).

7. Vasant and Prafulla Thakkar are both, of East Indian origin, Hindu, over the age of 40, and have a common ancestry and distinct physical traits generally associated with individuals from East Asia, and more specifically the sub continent of India.

8. Station Operators Inc. D/B/A ExxonMobile Cors (hereinafter referred to as Exxon) is a wholly owned subsidiary of the ExxonMobile Oil Corporation (hereinafter referred to as Exxon) and provides employees to staff and operate the service stations owned and leased by ExxonMobile Oil Corporation. Station Operators Inc. acting as agent for ExxonMobile Oil Corp and ExxonMobile Oil Corp. are employers within the meaning of 42 U.S.C. § 2000e(b) and duly incorporated under the laws of the state of Delaware and New York respectively, and authorized to conduct business in the state of Illinois pursuant to the Illinois Business Corporation Act. At all relevant times Exxon employed

the Plaintiffs in DuPage and Kane County Illinois. At all relevant times, the Defendant Exxon employed more than 501 employees.

9. At all relevant times herein Kelly Bissias was Vasant Thakkar's supervisor and is an employee of Exxon. On information and belief the Defendant Bissias is a resident of DuPage County, Illinois.

**Background Facts Applicable to All Counts**

10. Summary: Exxon subjected Vasant and Prafulla Thakkar to unlawful discrimination and emotional distress when it terminated their employment with Exxon on February 17, 2007 for alleged misconduct, all the while treating similarly situated employees who were of non-Hindu, non-Indian origin and outside the protected age classification more favorably by not imposing any discipline on other similarly situated employees for the same alleged rule infraction. Moreover the alleged rule infraction for which the Plaintiffs were terminated from their employment was merely a pretext for Exxon to engage in unlawful racial, national origin, religious and age discrimination.

11. Vasant Thakkar began employment with Exxon on November 21, 2000 and was performing his job in a satisfactory manner at all times during his employment with Exxon.

12. Prafulla Thakkar began employment with Exxon on May 16, 2002 and was performing her job in a satisfactory manner at all times during her employment with Exxon.

13. Exxon has an established practice of corrective, progressive discipline. Exxon did not follow its policy of corrective, progressive discipline relative to each of the Plaintiffs; however it has followed the policy of corrective and progressive discipline relative to other similarly situated employee's of non Hindu, non Indian origin and employees

outside the protected age group.

14. In January 2007 Vasant Thakkar contacted his manager Kelly Bissias to inform her that the Aurora service station had run out of windshield wiper fluid which was supposed to be offered for sale to the customers of the Aurora service station. Vasant informed Bissias that the service station in Naperville Illinois at which Prafulla worked had a surplus of windshield wiper fluid. Vasant offered to have windshield wiper fluid transferred from the Naperville service station to the Aurora service station. Bissias authorized and accepted Vasant's offer to transfer five cases of windshield wiper fluid from the Naperville to the Aurora facility.

15. Vasant then contacted Prafulla to advise her that the transfer of windshield wiper fluid had been authorized to be moved from the Naperville service station to the Aurora service station. Prafulla told Vasant that she would have to contact her manager first and did in fact call her manager William Szenda. Mr. Szenda advised Prafulla that it was okay for Prafulla to transfer five cases of windshield wiper fluid between stores, stating it was "ok with him as long as it was ok with Kelly."

16. After going off duty Prafulla, with the assistance of another employee loaded five cases of windshield wiper fluid from the Naperville store in her car and transferred them to the Aurora store. For at least one week, and with full knowledge of Kelly Bissas and William Szenda, the Aurora store sold the transferred windshield wiper fluid to its customers. When the Aurora store received its usual and ordinary delivery of windshield wiper fluid the following week, it became necessary to return the five cases of windshield wiper fluid from the Aurora store to the Naperville store. After going off duty Vasant transported five cases of windshield wiper fluid from the Aurora store and returned them

to the Naperville store.

17. That unbeknownst to either Plaintiff Exxon had allegedly instituted a company rule prohibiting employees from driving in pursuit of company business and transferring product between stores unless they received authorization from their managers. In fact employees of non Hindu and non Indian origin and outside the protected age group routinely drove vehicles in pursuit of company business and transferred product between stores. Store managers Bissas and Szenda were advised of the policy regarding the prohibition of driving at three promotional meetings in 2005 and 2006 and in turn were required to communicate the no driving policy to their staffs. Neither Bissas nor Szenda communicated this policy to either Plaintiff.

18. On February 17, 2007 both Plaintiffs were terminated from their employment with the Defendants for allegedly violating the company policy on driving and issues related thereto. The termination of the Plaintiff's employment based on the aforementioned company rules was merely a pretext for terminating their employment for prohibited and discriminatory reasons. Moreover, other similarly situated employees of non Hindu, non Indian origin, and outside the protected age group had violated these alleged rules and did not receive any discipline.

19. That despite the company policy of corrective and progressive discipline the Defendant failed to apply this policy to the Plaintiffs although it does apply this policy to similarly situated non Hindu, non Indian and employees outside the protected age group.

**COUNT I:**
**(Title VII: Discrimination)**
*(Against Exxon)*

20. Plaintiffs incorporate paragraphs 1-19 into this paragraph 20 as if fully stated

herein.

21. Exxon intentionally discriminated against Vasant and Prafulla Thakkar in violation of 42 U.S.C. § 2000e et seq., as amended.

22. Exxon's unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Vasant and Prafulla Thakkar respectfully request:

A. All wages and benefits they would have received but for the discrimination and retaliation;
B. Compensatory damages of no less than $50,000.00 each;
C. Back pay and front pay
D. Punitive damages
E. Attorney's fees and costs; and
F. Such other relief as law and justice allow.

**COUNT II**
**(42 U.S.C. 1981)**
*(Against Exxon)*

23. Plaintiffs incorporate paragraphs 1-19 into this paragraph 23 as if fully stated herein.

24. The Defendants deprived Vasant and Prafulla Thakkar of their right to full and equal benefit of Exxons' procedural protections, which include but are not limited to progressive and corrective disciplinary policies, on account of Vasant and Prafulla Thakkar's race in violation of 42 U.S.C. § 1981.

25. That the Defendants treated the Plaintiffs differently than other employees on account of their race, by delaying Prafulla's promotion from sales associate to

assistant manager, denying both Plaintiff's promotion to store manager, and by requiring Vasant to work for nine consecutive days in violation of Illinois state law 820 ILCS 140/1.

26. Defendants' unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Vasant and Prafulla Thakkar respectfully request:

A. All wages and benefits they would have received but for the discrimination B.
B. Compensatory damages of no less than $50,000.00 each;
C. Back pay and front pay
D. Punitive damages
E. Attorney's fees and costs; and
F. Such other relief as law and justice allow

**COUNT III**
**(Age Discrimination)**
*(Against Exxon)*

27. Plaintiffs incorporate paragraphs 1-19 into this paragraph 27 as if fully stated herein.

28. The date of birth of Vasant Thakkar is December 11, 1951 and the date of birth of Prafulla Thakkar is June 1, 1951. Both Plaintiffs are within the age group accorded the protections of the Age Discrimination in Employment Act 29 U.S.C. § 623 et seq.

29. That the Defendants treated each of the Plaintiffs more harshly than similarly situated employees who were substantially younger than the Plaintiffs.

30. Defendants reasons for terminating the Plaintiffs employment was merely a

pretext for age discrimination, as similarly situated younger employees who violated the Defendants' purported rules were not terminated from their employment.

31. Defendants' unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Vasant and Prafulla Thakkar respectfully request:

A. All wages and benefits they would have received but for the discrimination
B. Compensatory damages of no less than $50,000.00 each;
C. Back pay and front pay
D. Punitive damages
E. Attorney's fees and costs; and
F. Such other relief as law and justice allow

**STATE VIOLATIONS**
**COUNT IV**
**(Illinois Human Rights Act)**
*(Against Exxon)*

32. Plaintiffs incorporate paragraphs 1-31 into this paragraph 32 as if fully stated herein.

33. The above acts constitute civil rights violations within the meaning of the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq.

34. Defendants' unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Vasant and Prafulla Thakkar respectfully request:

A. All wages and benefits they would have received but for the discrimination

B. Compensatory damages of no less than $50,000.00 each;
C. Back pay and front pay
D. Punitive damages
E. Attorney's fees and costs; and
F. Such other relief as law and justice allow

**COUNT V**
**(Illinois Human Rights Act)**
*(Against Exxon)*

35. Plaintiff Prafulla Thakkar incorporates paragraphs 1-34 into this paragraph 35 as if fully stated herein.

36. That Sec. 1-102 of the Illinois Human Rights Act (775 ILCS 5/1-102) provides inter alia. It is the public policy of this State: (A) Freedom from Unlawful Discrimination. To secure for all individuals within Illinois the freedom from discrimination against any individual because of his or her "… marital status …"

37. That Prafulla Thakkar was discharged from her employment because she was married to Vasant Thakkar, in violation of the Illinois Human Rights Act.

38. Defendants' unlawful actions have caused Prafulla Thakkar emotional distress, irreparable damage to her career, inconvenience, lost wages and benefits, and other consequential damages.

WHEREFORE Prafulla Thakkar respectfully requests:

A. All wages and benefits they would have received but for the discrimination
B. Compensatory damages of no less than $50,000.00;
C. Back pay and front pay
D. Punitive damages
E. Attorney's fees and costs; and
F. Such other relief as law and justice allow

**COUNT VI**
**(Tortuous Interference with Employment Expectancy)**
*(Against Kelly Bissias)*

39. Plaintiff Vasant Thakkar, incorporates paragraphs 1-18 into this paragraph 38 as if fully stated herein.

40. On or about January 20, 2007, the Defendant Kelly Bissias received a phone call from the Plaintiff Vasant Thakkar in which she agreed for the benefit of the Defendants Exxon, that Vasant would cause five cases of windshield wiper fluid to be transferred from the Naperville service Station to the Aurora service station.

41. That subsequent to that phone conversation and after which the windshield wiper fluid was transferred for the benefit of Exxon, the Defendant Bissias reported to agents of Exxon that the transfer of windshield wiper fluid was done without proper authority when in fact the transfer of windshield wiper fluid had been accomplished with the real or apparent authority of Vasant's supervisor Kelly Bissias.

42. That at the time the Defendant Bissias falsely communicated that the transfer of windshield wiper fluid was made without proper authority. (1) The Plaintiff Vasant Thakkar had a contract or a reasonable expectation of a continued business relationship with the Defendant Exxon; (2) the Defendant Bissias had knowledge of the contract or expectancy; (3) there was an intentional and unjustified interference by the Defendant Bissias that induced or caused a breach of the contract or prevented the expectancy from ripening; and (4) there was damage to the Plaintiff Vasant Thakkar resulting from the interference.

43. That the Defendant Bissias intentionally and willfully interfered with Plaintiff's

employment expectancy solely for her own benefit and/or to injure Plaintiff.

WHEREFORE Vasant Thakkar respectfully requests:

A. All wages and benefits they would have received but for the tortuous interference with employment expectancy
B. Compensatory damages of no less than $50,000.00;
C. Punitive damages
D. Such other relief as law and justice allow

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable

Date: June 10, 2008

Respectfully Submitted,

By: /s/ Jeffery P. Gray
Jeffery P. Gray
Attorney for the Plaintiffs, Vasant Thakkar and Prafulla Thakkar

Jeffery P. Gray ARDC # 6180257
Attorney for the Plaintiff
27475 Ferry Rd
Warrenville, Illinois 60555
630-717-2761