# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VASANT THAKKAR and PRAFULLA THAKKAR, | ) ) ) |
| Plaintiffs, | ) ) Case No. 08 CV 3344 |
| v. | ) ) Judge Pallmeyer ) Magistrate Judge Cox |
| STATION OPERATORS INC. d/b/a EXXONMOBILE CORS, EXXONMOBILE OIL CORP. and KELLY BISSIAS, | ) ) ) ) |
| Defendants. | ) |

## DEFENDANT KELLY BISSIAS' MOTION
## TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT

Defendant KELLY BISSIAS, by and through her attorneys and pursuant to FRCP 12(b)(6), hereby moves to dismiss Count VI of Plaintiff VASANT THAKKAR and PRAFULLA THAKKAR's Complaint for failure to state a claim upon which relief can be granted. In support of this Motion, Bissias states as follows:

1. Plaintiffs Vasant Thakkar and Prafulla Thakkar allege that they are former employees of Defendants Station Operators Inc. ("SOI"), doing business as "ExxonMobil CORS", and ExxonMobil Oil Corporation ("ExxonMobil"). Complaint ¶6.

2. Throughout their Complaint, Plaintiffs refer to SOI and ExxonMobil as a single entity – "Exxon".[1] *See* Complaint ¶8.

---

[1] In the case caption and throughout the body of their Complaint, Plaintiffs incorrectly spell Defendant ExxonMobil's name as "ExxonMobile". Additionally, as noted in the text above, Plaintiffs refer to Defendants SOI and ExxonMobil collectively as a single entity – "Exxon" – when in fact SOI and ExxonMobil are two separate corporate entities. For purposes of this Motion to Dismiss Count VI only, Defendant Bissias does not contest Plaintiffs' characterization that she was an "employee of Exxon" (Complaint ¶9), provided that Plaintiffs contend that they were employees of that same alleged collective entity, SOI and ExxonMobil (*see* Complaint ¶6). Defendant Bissias submits the Declaration of ExxonMobil Human Resources Advisor Christine Solis-Mendoza clarifying that in fact, both she and the two Plaintiffs were employees of the same entity, SOI.

3.     Defendant Kelly Bissias was Plaintiff Vasant Thakkar's supervisor and, as alleged by Plaintiffs, "is an employee of Exxon". Complaint ¶9.

4.     Plaintiffs' Complaint contains six counts.

5.     Plaintiffs have agreed to voluntarily dismiss Counts IV and V.

6.     The remaining four counts allege both federal and state law claims. Both Plaintiffs bring federal claims against "Exxon" for national origin and religious discrimination in violation of Title VII of the Civil Rights Act of 1964 (Count I), 42 U.S.C. §2000e *et seq.*, race discrimination in violation of 42 U.S.C. §1981 (Count II) and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.* (Count III).

7.     Count VI purports to be a state common law claim for tortious interference with employment expectancy brought by Plaintiff Vasant Thakkar against Defendant Bissias. *See* Complaint ¶¶39-43. Specifically, Plaintiff Vasant Thakkar alleges that he had a contract or reasonable expectation of a continued business relationship "with the Defendant Exxon"; that Defendant Bissias had knowledge of the contract or expectancy; that there was an intentional and unjustifiable interference by the Defendant Bissias "that induced or caused a breach of the contract or prevented the expectancy from ripening"; and that damage to Plaintiff Vasant Thakkar resulted from the alleged interference. Complaint ¶42.

8.     Bissias moves to dismiss the tortious interference claim brought against her on the grounds that Plaintiff Vasant Thakkar has not alleged, nor can he show, that she interfered with any alleged contract or expectation of business relationship with a ***third party***, which is a required element of the tort. Thus, to the extent that Plaintiff Vasant Thakkar alleges that Bissias interfered with his existing employment with Exxon (vs. some other potential employer), he cannot satisfy the third-party requirement.

9. Additionally, Vasant Thakkar does not allege, nor will he be able to show, that Bissias acted with the malice required to overcome a supervisor's immunity from claims of tortious interference, another required element of the tort.

WHEREFORE, as further detailed in the accompanying Memorandum in Support submitted herewith, Defendant KELLY BISSIAS respectfully request that this Court enter an Order dismissing Count VI of Plaintiffs' Complaint and dismissing her as a Defendant to Plaintiffs' Complaint.

    Respectfully submitted,

    KELLY BISSIAS

    By: /s/ Tracey L. Truesdale
        One of Defendant's Attorneys

Robert P. Casey (ARDC No. 00409049)
Tracey L. Truesdale (ARDC No. 06207891)
Matthew S. Levine (ARDC No. 6293222)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
20 S. Clark Street, 25th Floor
Chicago, IL 60603
312-558-1220

Dated: August 7, 2008

*c/m: 003984-34*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 7, 2008, the foregoing DEFENDANT KELLY BISSIAS' MOTION TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT was served by email transmission and first-class mail, postage prepaid, upon:

> Jeffery P. Gray, Esq.
> 27475 Ferry Rd.
> Warrenville, IL 60555
> Attorney for Plaintiffs

By: /s/ Tracey L. Truesdale
One of Defendants' Attorneys