IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VASANT THAKKAR and PRAFULLA THAKKAR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 CV 3344 |
| v. | ) ) ) | Judge Pallmeyer<br>Magistrate Judge Cox |
| STATION OPERATORS INC. d/b/a EXXONMOBILE CORS, EXXONMOBILE OIL CORP. and KELLY BISSIAS, | ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS STATION OPERATORS INC. AND EXXONMOBIL
OIL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTS I, II AND III OF PLAINTIFFS' COMPLAINT**

Defendant STATION OPERATORS INC. and EXXONMOBIL OIL CORPORATION (hereinafter individually referred to as "SOI" and "ExxonMobil", respectively, and collectively as "Defendants"), by and through their attorneys, state the following by way of answer to Plaintiffs' Complaint:

1. Plaintiffs Vasant Thakkar and Prafulla Thakkar, by and through Their attorney, Jeffery P. Gray, seek redress for race, national origin, age and religious discrimination. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, 42 U.S.C. § 1981, The Age Discrimination in Employment Act 29 U.S.C. § 623 et seq. and for pendant state relief.

**ANSWER:** **Defendants admit that Plaintiffs purport to seek redress for race, national origin, age and religious discrimination and that they purport to seek relief under the statutes cited but deny that they have violated either federal or state law or that the Illinois Human Rights Act claims asserted by Plaintiffs are properly before the Court and therefore deny the allegations of Paragraph 1.**

## Jurisdiction and Venue

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 623 et seq., 42 U.S.C. §2000e, 42 U.S.C. § 1981 and 28 U.S.C. § 1331. The Court has jurisdiction over state supplemental claims pursuant to 28 U.S.C. § 1367.

**ANSWER:    Defendants admit that this Court has jurisdiction over Counts I, II, III and VI of Plaintiff's Complaint but deny that they have violated either federal or state law or that Plaintiffs are entitled to any of the relief they seek and therefore deny all remaining allegations in Paragraph 2. Defendants affirmatively deny that this Court has jurisdiction over the claims asserted in Counts IV and V.**

3. On May 31, 2007 Vasant and Prafulla Thakkar timely filed a charge of discrimination with the Illinois Department of Human Rights and those charges were cross filed Equal Employment Opportunity Commission ("EEOC") under Charge Numbers 2IB-2007 01744 and 21B-2007-01745.

**ANSWER:    Upon information and belief, Defendants admit that Plaintiffs filed charges of discrimination with the Illinois Department of Human Rights and that those charges were cross-filed with the U.S. Equal Employment Opportunity Commission and assigned Charge Nos. 21B-2007-01744 and 21B-2007-01745. Defendants deny all remaining allegations in Paragraph 3, including the substantive allegations of Plaintiffs' Charges.**

4. On April 22, 2008, the EEOC issued Vasant and Prafulla Thakkar a Notice of Right to Sue and this suit has been commenced within 90 days of the Plaintiffs receipt of the Notice of Right to Sue.

**ANSWER:    Upon information and belief, Defendants admit that the EEOC issued Dismissals and Notices of Rights dated April 22, 2008 and that the filing date of Plaintiff's Complaint is within 90 days of the date on the Dismissals and Notices of Rights. Defendants deny all remaining allegations in Paragraph 4.**

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all of the unlawful employment practices alleged herein occurred in this district.

**ANSWER:     Defendants admit that venue is proper in this judicial district with respect to the claims made in Counts I, II and III but deny all remaining allegations in Paragraph 5.**

6. Vasant and Prafulla Thakkar are husband and wife and both were employees of Station Operators Inc D/B/A ExxonMobile [sic] Cors and ExxonMobile [sic] Oil Corp. within the meaning of 42 US.C. § 2000e(f).

**ANSWER:     Defendants admit that Plaintiffs are husband and wife and were employed with Station Operators Inc. within the meaning of 42 U.S.C. §2000e(f), but deny all remaining allegations in Paragraph 6, including the allegation that Defendant ExxonMobil was Plaintiffs' employer.**

7. Vasant and Prafulla Thakkar are both, of East Indian origin, Hindu, over the age of 40, and have a common ancestry and distinct physical traits generally associated with individuals from East Asia, and more specifically the sub continent of India.

**ANSWER:     Upon information and belief, Defendants admit that Plaintiffs are of Indian origin and are over age 40.  Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 7.**

8. Station Operators Inc. D/B/A ExxonMobile [sic] Cors (hereinafter referred to as Exxon) is a wholly owned subsidiary of the ExxonMobile [sic] Oil Corporation (hereinafter referred to as Exxon) and provides employees to staff and operate the service stations owned and leased by ExxonMobile [sic] Oil Corporation. Station Operators Inc. acting as agent for ExxonMobile [sic] Oil Corp and ExxonMobile [sic] Oil Corp. are employers within the meaning of 42 U.S.C. § 2000e(b) and duly incorporated under the laws of the state of Delaware and New York respectively, and authorized to conduct business in the state of Illinois pursuant to the Illinois Business Corporation Act.  At all relevant times Exxon employed the Plaintiffs in DuPage and Kane County Illinois.  At all relevant times, the Defendant Exxon employed more than 501 employees.

**ANSWER:     Defendants admit that Defendant SOI is owned 100 percent by ExxonMobil Oil Corporation and that Defendant SOI provides employees to staff and operate the service stations at issue in this lawsuit but deny all remaining allegations in the first sentence of Paragraph 8. Defendants admit that they are employers within the meaning of**

3

**42 U.S.C. §2000e(b), are incorporated in Delaware and New York respectively and are authorized to do business in the state of Illinois, but deny all remaining allegations in the second sentence of Paragraph 8.  Defendants admit that Defendant SOI employed Plaintiff Vasant Thakkar from on or about November 21, 2000 until on or about February 16, 2007; that Plaintiff Vasant Thakkar was assigned to work at a store location in Aurora, Kane County, Illinois, that Defendant SOI employed Plaintiff Prafulla Thakkar from on or about May 16, 2002 until on or about February 16, 2007; that Plaintiff Prafulla Thakkar was assigned to work at a store location in Naperville, DuPage County, Illinois; but deny all remaining allegations in the third sentence of Paragraph 8.  Defendants admit the allegations in the fourth sentence of Paragraph 8.**

9.   At all relevant times herein Kelly Bissias was Vasant Thakkar's supervisor and is an employee of Exxon.  On information and belief the Defendant Bissias is a resident of DuPage County, Illinois.

**ANSWER:    Defendants admit that from in or around September, 2005 until the date of Plaintiff Vasant Thakkar's termination on February 16, 2007, Defendant Kelly Bissias ("Bissias") was Plaintiff Vasant Thakkar's supervisor and that Bissias currently resides in DuPage County, Illinois.  Defendants deny all remaining allegations in Paragraph 9.**

### Background Facts Applicable to All Counts

10. Summary: Exxon subjected Vasant and Prafulla Thakkar to unlawful discrimination and emotional distress when it terminated their employment with Exxon on February 17, 2007 for alleged misconduct, all the while treating similarly situated employees who were of non-Hindu, non-Indian origin and outside the protected age classification more favorably by not imposing any discipline on other similarly situated employees for the same alleged rule infraction. Moreover the alleged rule infraction for which the Plaintiffs were terminated from their employment was merely a pretext for Exxon to engage in unlawful racial, national origin, religious and age discrimination.

**ANSWER:** **Defendants admit that Plaintiffs were terminated from their employment with Defendant SOI on or about February 16, 2007 for violating SOI's rules but deny all remaining allegations in Paragraph 10.**

11. Vasant Thakkar began employment with Exxon on November 21, 2000 and was performing his job in a satisfactory manner at all times during his employment with Exxon.

**ANSWER:** **Defendants admit that Plaintiff Vasant Thakkar began working for Defendant SOI on or about November 21, 2000 but deny all remaining allegations in Paragraph 11.**

12. Prafulla Thakkar began employment with Exxon on May 16, 2002 and was performing her job in a satisfactory manner at all times during her employment with Exxon.

**ANSWER:** **Defendants admit that Plaintiff Prafulla Thakkar began working for Defendant SOI on or about May 16, 2002 but deny all remaining allegations in Paragraph 12.**

13. Exxon has an established practice of corrective, progressive discipline. Exxon did not follow its policy of corrective, progressive discipline relative to each of the Plaintiffs; however it has followed the policy of corrective and progressive discipline relative to other similarly situated employee's of non Hindu, non Indian origin and employees outside the protected age group.

**ANSWER:** **Defendants admit that Defendants subscribe to a philosophy of progressive, corrective discipline and that the level of discipline imposed varies on the nature and severity of the offense and the employee's disciplinary record, but deny all remaining allegations in Paragraph 13. Answering further, Defendants state that certain types of offenses warrant termination without prior notice for a first offense.**

14. In January 2007 Vasant Thakkar contacted his manager Kelly Bissias to inform her that the Aurora service station had run out of windshield wiper fluid which was supposed to be offered for sale to the customers of the Aurora service station. Vasant informed Bissias that the service station in Naperville Illinois at which Prafulla worked had a surplus of windshield wiper fluid. Vasant offered to have windshield wiper fluid transferred from the Naperville service station to the Aurora service station. Bissias authorized and accepted Vasant's offer to transfer five cases of windshield wiper fluid from the Naperville to the Aurora facility.

**ANSWER:    Defendants admit the allegations in the first three sentences of Paragraph 14, but deny all remaining allegations in Paragraph 14.**

15. Vasant then contacted Prafulla to advise her that the transfer of windshield wiper fluid had been authorized to be moved from the Naperville service station to the Aurora service station. Prafulla told Vasant that she would have to contact her manager first and did in fact call her manager William Szenda. Mr. Szenda advised Prafulla that it was okay for Prafulla to transfer five cases of windshield wiper fluid between stores, stating it was "ok with him as long as it was ok with Kelly."

**ANSWER:    Defendants are without sufficient information to form a belief as to the veracity of the allegations in the first two sentences of Paragraph 15 and therefore deny them.  Defendants admit that Mr. Szenda asked Plaintiff Prafulla Thakkar whether Defendant Bissias knew about the proposed transfer of windshield wiper fluid from the Naperville store to the Aurora store but deny all remaining allegations in the third sentence of Paragraph 15.**

16. After going off duty Prafulla, with the assistance of another employee loaded five cases of windshield wiper fluid from the Naperville store in her car and transferred them to the Aurora store. For at least one week, and with full knowledge of Kelly Bissas and William Szenda, the Aurora store sold the transferred windshield wiper fluid to its customers. When the Aurora store received its usual and ordinary delivery of windshield wiper fluid the following week, it became necessary to return the five cases of windshield wiper fluid from the Aurora store to the Naperville store. After going off duty Vasant transported five cases of windshield wiper fluid from the Aurora store and returned them to the Naperville store.

**ANSWER:    Defendants admit the allegations in the first and fourth sentences of Paragraph 16.  Defendants deny the allegations in the second and third sentences of Paragraph 16.**

17. That unbeknownst to either Plaintiff Exxon had allegedly instituted a company rule prohibiting employees from driving in pursuit of company business and transferring product between stores unless they received authorization from their managers. In fact employees of non Hindu and non Indian origin and outside the protected age group routinely drove vehicles in pursuit of company business and transferred product between stores. Store managers Bissas and Szenda were advised of the policy regarding the prohibition of driving at three promotional meetings in 2005 and 2006 and in turn were required to communicate the no driving policy to their staffs. Neither Bissas nor Szenda communicated this policy to either Plaintiff.

**ANSWER: Defendants admit that Defendant SOI had rules and standard operating procedures prohibiting employees from driving in pursuit of company business, transferring product between stores without proper authorization and working off the clock and that Mr. Szenda and Defendant Bissias attended at least one meeting in 2006 when these subjects were discussed but deny all remaining allegations in Paragraph 17.**

18. On February 17, 2007 both Plaintiffs were terminated from their employment with the Defendants for allegedly violating the company policy on driving and issues related thereto. The termination of the Plaintiffs employment based on the aforementioned company rules was merely a pretext for terminating their employment for prohibited and discriminatory reasons. Moreover, other similarly situated employees of non Hindu, non Indian origin, and outside the protected age group had violated these alleged rules and did not receive any discipline.

**ANSWER: Defendants admit the allegations in the first sentence of Paragraph 18, but deny all remaining allegations in Paragraph 18.**

19. That despite the company policy of corrective and progressive discipline the Defendant failed to apply this policy to the Plaintiffs although it does apply this policy to similarly situated non Hindu, non Indian and employees outside the protected age group.

**ANSWER: Defendants deny the allegations in Paragraph 19.**

## COUNT I:
## (Title VII: Discrimination)
*(Against Exxon)*

20. Plaintiffs incorporate paragraphs 1-19 into this paragraph 20 as if fully stated here.

**ANSWER: Defendants incorporate by reference their Answers to Paragraphs 1 through 19, inclusive, as though fully set forth herein.**

21. Exxon intentionally discriminated against Vasant and Prafulla Thakkar in violation of 42 V.S.C. § 2000e et seq., as amended.

**ANSWER: Defendants deny the allegations in Paragraph 21.**

7

22. Exxon's unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:** **Defendants deny the allegations in Paragraph 22.**

**COUNT II**
**(42 U.S.C. 1981)**
*(Against Exxon)*

23. Plaintiffs incorporate paragraphs 1-19 into this paragraph 23 as if fully stated herein.

**ANSWER:** **Defendants incorporate by reference their Answers to Paragraphs 1 through 22, inclusive, as though fully set forth herein.**

24. The Defendants deprived Vasant and Prafulla Thakkar of their right to full and equal benefit of Exxons' procedural protections, which include but are not limited to progressive and corrective disciplinary policies, on account of Vasant and Prafulla Thakkar's race in violation of 42 U.S.C. §1981.

**ANSWER:** **Defendants deny the allegations in Paragraph 24.**

25. That the Defendants treated the Plaintiffs differently than other employees on account of their race, by delaying Prafulla's promotion from sales associate to assistant manager, denying both Plaintiffs promotion to store manager, and by requiring Vasant to work for nine consecutive days in violation of Illinois state law 820ILCS 140/1.

**ANSWER:** **Defendants deny the allegations in Paragraph 25.**

26. Defendants' unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:** **Defendants deny the allegations in Paragraph 26.**

**COUNT III**
**(Age Discrimination)**
*(Against Exxon)*

27. Plaintiffs incorporate paragraphs 1-19 into this paragraph 27 as if fully stated herein.

**ANSWER:** **Defendants incorporate by reference their Answers to Paragraphs 1 through 26, inclusive, as though fully set forth herein.**

28. The date of birth of Vasant Thakkar is December 11, 1951 and the date of birth of Prafulla Thakkar is June 1, 1951. Both Plaintiffs are within the age group accorded the protections of the Age Discrimination in Employment Act 29 V.S.C. § 623 et seq.

**ANSWER:** **Upon information and belief, Defendants admit the allegations in Paragraph 28.**

29. That the Defendants treated each of the Plaintiffs more harshly than similarly situated employees who were substantially younger than the Plaintiffs.

**ANSWER:** **Defendants deny the allegations in Paragraph 29.**

30. Defendants reasons for terminating the Plaintiffs employment was merely a pretext for age discrimination, as similarly situated younger employees who violated the Defendants' purported rules were not terminated from their employment.

**ANSWER:** **Defendants deny the allegations in Paragraph 30.**

31. Defendants' unlawful actions have caused Vasant and Prafulla Thakkar emotional distress, irreparable damage to their careers, inconvenience, lost wages and benefits, and other consequential damages.

**ANSWER:** **Defendants deny the allegations in Paragraph 31.**

## AFFIRMATIVE DEFENSES TO COUNTS I THROUGH III

1. The Court lacks jurisdiction over those allegations in Count I which are not or may not be like and related to Plaintiffs' respective Charges of Discrimination.

2. Any claims that arose more than 300 days before Plaintiffs filed their respective Charges of Discrimination, or as to which no timely EEOC or IDHR charge was filed, are barred.

3. With respect to the alleged claims of national origin and religious discrimination set forth in Count I, Count I fails to state a claim upon which relief can be granted because Plaintiffs cannot establish that Defendants SOI or ExxonMobil had knowledge of either of their national origin(s) or religion(s).

4.      Plaintiffs' termination from employment was based upon legitimate and reasonable factors other than their race, national origin, age or religion, specifically their violation of Rules of the Workplace prohibiting insubordination, standard operating procedures concerning driving on company time and the transfer of product between stores and an Ethics Policy requiring strict observance of applicable laws.

5.      Even assuming that Plaintiffs' race, national origin, age and religion were factors in their termination from employment, they would have been terminated even absent such factor.

6.      Plaintiffs have failed to mitigate their damages.

7.      Defendants assert that Plaintiff may not recover punitive damages in this action. Alternatively, the provisions of the 1991 Civil Rights Act, 42 U.S.C. §1981a, define and limit the amount of compensatory and punitive damages that may be awarded.

8.      Any claim by Plaintiffs for special/punitive/exemplary damages is barred by Defendant SOI's good-faith efforts to comply with applicable law, and the absence of respondeat superior liability and vicarious liability.  Defendants assert that the imposition of special/punitive/exemplary damages against them would violate the United States Constitution.

9.      There is no liability for the alleged conduct of any employee where such conduct was outside the course and scope of his/her employment.

10.     Plaintiffs' claims may be time barred, in whole or in part, by the applicable statute of limitations.

11.     Plaintiffs' claims are barred by the doctrines of laches, waiver or estoppel and/or by Plaintiffs' own actions, inactions or omissions.

12.     Defendants plead that Plaintiffs' demand in Count II for compensatory and punitive damages is limited by the Age Discrimination in Employment Act.

WHEREFORE, Defendants request that the Complaint be dismissed and they be awarded their reasonable attorney's fees and costs in connection with this action.

        Respectfully submitted,

        STATION OPERATORS INC. and
        EXXONMOBIL OIL CORPORATION


        By:  /s/ Tracey L. Truesdale
             One of Defendants' Attorneys

Robert P. Casey (ARDC No. 00409049)
Tracey L. Truesdale (ARDC No. 06207891)
Matthew S. Levine (ARDC No. 6293222)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
20 S. Clark St., 25th Floor
Chicago, IL  60603
312-558-1220

Dated: August 7, 2008

*c/m: 003984-34*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 7, 2008, the foregoing DEFENDANTS STATION OPERATORS INC. AND EXXONMOBIL OIL CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I, II AND III OF PLAINTIFFS' COMPLAINT was served by email transmission and first-class mail, postage prepaid, upon:

> Jeffrey P. Gray
> (Attorney for Plaintiffs)
> 27475 Ferry Road
> Warrenville, IL 60555
> 630-717-2761

By: /s/ Tracey L. Truesdale
One of Defendants' Attorneys