IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vasant Thakkar and | ) | |
| Prafulla Thakkar | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | 08 CV 3344 |
| | ) | |
| Station Operators Inc. D/B/A | ) | Judge Pallmeyer |
| ExxonMobil   Cors, ExxonMobil | ) | Magistrate Judge Cox |
| Oil Corp. and Kelly Bissias; | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT KELLY BISSIAS' 12(b)(6) MOTION
TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT**

Now come the Plaintiffs by and through their attorney Jeffery Gray and submits the following memorandum of law in opposition the Defendant Kelly Bissias' 12(b)(6) motion to dismiss count VI of the Plaintiffs' Complaint and states as follows:

**I.    Introduction**

Count VI of Plaintiffs' Complaint alleges that Kelly Bissias tortuously interfered with an employment expectancy of Vasant Thakkar. Paragraph 14 of Plaintiffs' Complaint states that "Bissias authorized and accepted Vasant's offer to transfer five cases of windshield wiper fluid from the Naperville to the Aurora facility." The Complaint goes on to state:  On or about January 20, 2007, the Defendant Kelly Bissias received a phone call from the Plaintiff Vasant Thakkar in which she agreed for the benefit of the Defendants Exxon, that Vasant would cause five cases of windshield wiper fluid to be transferred from the Naperville service Station to the Aurora service station.

1

(Complaint ¶ 40)  That subsequent to that phone conversation and after which the windshield wiper fluid was transferred for the benefit of Exxon, the Defendant Bissias reported to agents of Exxon that the transfer of windshield wiper fluid was done without proper authority when in fact the transfer of windshield wiper fluid had been accomplished with the real or apparent authority of Vasant's supervisor Kelly Bissias. (Complaint ¶ 41)   That at the time the Defendant Bissias falsely communicated that the transfer of windshield wiper fluid was made without proper authority.  (1) The Plaintiff Vasant Thakkar had a contract or a reasonable expectation of a continued business relationship with the Defendant Exxon; (2) the Defendant Bissias had knowledge of the contract or expectancy; (3) there was an intentional and unjustified interference by the Defendant Bissias that induced or caused a breach of the contract or prevented the expectancy from ripening; and (4) there was damage to the Plaintiff Vasant Thakkar resulting from the interference (Complaint ¶ 42)  That the Defendant Bissias intentionally and willfully interfered with Plaintiff's employment expectancy solely for her own benefit and/or to injure Plaintiff (Complaint ¶ 43).  For purposes of the Motion to Dismiss the Court must accept as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See Barnes v. Briley, 420 F.3d 673, 677 (7th Cir. 2005).

   In this case, the Defendant is asking the district court to take an approach that resembles the Illinois fact pleading rules rather than notice pleading required of Rule 8 of the Federal Rules of Civil Procedure.  "In federal court under Rule 8, the rules are simple: Notice is what counts. Not facts; not elements of "causes of action"; not legal theories." Hefferman v. Bass, 467 F. 3d 596, 600 (7th Cir. 2006).  More recently in Bell Atlantic v.

Twombly, 127 S.Ct. 1955,1964-65 & n.3 (2007) the Court held, Rule 8(a)(2)'s "short and plain statement of the claim" must contain a minimal level of factual detail, although that level is indeed very minimal.  In its most recent interpretation of  Bell Atlantic, the Seventh Circuit stated in Tamayo v. Blagojevich, 526 F.3d 1074, 1082,1083 (7th Cir. 2008).

> We also have cautioned, however, that Bell Atlantic "must not be overread." Limestone Dev. Corp. v. Vill. of Lemont, Ill., ___ F.3d ___, No. 07-1438, 2008 WL 852586, at *5 (7th Cir. 2008). Although the opinion contains some language that could be read to suggest otherwise, the Court in Bell Atlantic made clear that it did not, in fact, supplant the basic notice-pleading standard. Bell Atlantic, 127 S.Ct. at 1973 n.14 (expressly disclaiming the establishment of any "heightened pleading standard"); see also Lang v. TCF Nat'l Bank, No. 07-1415, 2007 WL 2752360, at *2 (7th Cir., Sept. 21, 2007) (noting that notice-pleading is still all that is required); Limestone, 2008 WL 852586, at *5 (same). A plaintiff still must provide only "enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." Lang, 2007 WL 2752360, at *2 (citing Bell Atlantic, 127 S.Ct. at 1964)

The balance of this memorandum will demonstrate that the claim against Bissias gives her fair notice of the allegations against her.  Furthermore the allegations in the Complaint show a "plausible" claim against Bissias for tortuous interference with employment expectancy.

## II.    Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. See Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which

it rests." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (quoting Bell Atlantic, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See Barnes Id. at 677.

To survive a motion to dismiss, the complaint must overcome "two easy-to-clear hurdles:" (1) it must "describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.' " Tamayo, 526 F.3d at 1084.

### III. Illinois Law Rejects the "Third Party" Theory as Outlined in Defendant's Memorandum

The defendant theorizes that since Bisias is an agent of Exxon and Exxon cannot interfere with its own employment relationship, therefore Bissias is not a third party to Mr. Thakkar's employment relationship with Exxon. This view has soundly been rejected in Illinois.

In Popko v. Continental Casualty Company et al., 823 N.E.2d 184, 355 Ill.App.3d 257 (1st Dist. 2005) the plaintiff brought an action against plaintiff's direct supervisor (Izzo) and against his direct supervisor's supervisor (Teft) for tortuous interference with an employment expectancy and defamation based on the falsity of the

4

information contained in Plaintiff's termination memo.

There the defendants asserted that the nonpublication rule applied: they claimed that the internal communications in this matter were merely a corporation "talking to itself" rather than publications for defamation purposes. Defendants framed the issue in this case as follows: *Whether intracorporate communications made during "an internal employee evaluation and disciplinary process" constitute publication sufficient to support a legally cognizable defamation claim against a corporate employer.* Defendants claimed that the circuit court incorrectly answered this question in the affirmative. The appellate Court disagreed with the defendants as well, and affirmed the trial court's decision not to set aside the jury's verdict for the plaintiff.

The Court went on to state:

Finally, defendants assert that the judgment against Tefft and Izzo for tortious interference with prospective business advantage must be vacated because such theory of liability requires a legally cognizable publication, which they again claim was lacking here. Because, as we have determined, the termination memo was such publication, this argument fails. Id at 192, 266

Most importantly the Court stated "The element of publication is satisfied, even within a corporate environment, where the communication is made to any third party" Id at 191, 264

### IV. Defendant's Claim of Privilege is an Affirmative Defense and Does Not Entitle Her to a Dismissal Pursuant to 12(b)(6)

The claim of privilege is considered an affirmative defense pursuant to Rule 8(c) of the Federal Rules of Civil Procedure. Mr. Thakkar has no obligation to allege facts negating an affirmative defense in his complaint, see Tregenza v. Great Am. Communications Co., 12 F.3d 717, 718 (7th Cir. 1993) (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980)). That means that the earliest possible time to consider it would

5

normally be after the answer has been filed[1]  Mosely v. Board of Education of the City of Chicago, 434 F.3d 527 (7th Cir. 2006).

As explained in Gibson v. Phillip Morris Inc. 685 N.E. 2d 638, 292 Ill App. 3d 267 (1997) a qualified privilege exists where a communication that might otherwise be actionable is not actionable due to the occasion on which or the circumstances under which it was made. Gibson, 292 Ill. App. 3d at 275. See also Achanzar v. Ravenswood Hospital, 326 Ill. App. 3d 944, 948, 762 N.E.2d 538 (2001).  However, even on such occasion, the communication may still be actionable if the privilege is abused, i.e., if there is a direct intention to injure the plaintiff or a reckless disregard of the plaintiff's rights. Gibson, 292 Ill. App. 3d at 275.

In the instant case it is clearly alleged in the Plaintiff's Complaint that it was Bissias' intention to injure the Plaintiff thereby abusing any privilege, if any such privilege may have possibly existed. (Comp. ¶ 43).   Accordingly, Bissias is not entitled to assert privilege at this stage of the litigation.

**V.      Plaintiffs' Complaint Demonstrates That No Company Rules Were Violated**

By implying that a corporate rule was violated even though employees' acts were authorized by management, Defendant Bissias 12(b)(6) Motion to Dismiss sets forth a question of material fact, that can only be resolved at trial.  On Page 7 of Bissias' Memorandum is support of her Motion to Dismiss, she states:  "Rather based on Plaintiffs' Complaint  allegations, Defendants… had a company rule prohibiting employees from driving in furtherance of company business and transferring store product *without* manager authorization.  [r]ather, the only action they (Plaintiffs) dispute is whether they had authorization from their managers to do so."

---

[1] Defendant Exxon has answered the Complaint;  Defendant Bissias has not answered the complaint.

6

Furthermore on page 7 of Bissias' Memorandum of Law in support of her Motion to Dismiss the Defendant states: "Bissias' actions were not detrimental to the Corporation[2] or motivated by her personal interests." However the Complaint clearly states at ¶ 43 "That the Defendant Bissias intentionally and willfully interfered with Plaintiff's employment expectancy solely for her own benefit and/or to injure Plaintiff." Moreover the Defendant admits a factual dispute exists, due to the allegation (which must be taken as true) that Bissias falsely reported to agents of Exxon that the transfer of windshield wiper fluid was done without proper authority (Defendant Memo p.8). Neither Motions to Dismiss nor a Motion for Summary Judgment[3] are proper vehicles to resolve cases where a factual dispute exists.  The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. Triad Assoc. v. Chicago Housing Authority, 892 F. 2d 583, 586 (7th Cir. 1989)

## Conclusion

The Defendant has misinterpreted the holding in Bell Atlantic and as the Seventh Circuit has cautioned in Tomayo the Defendant has "overread" the Bell Atlantic decision.  Plaintiffs' Complaint is fully in accordance with the prescription of Rule 8 of the Federal Rules of Civil Procedure, requiring short and plain statement of the claim.  If the Defendant wishes to put forth an affirmative defense of "qualified privilege" under Illinois law it must do so in its answer, not in a 12(b)(6) motion to dismiss.  The Third Party Rule that the defendant cites in her motion and memorandum of law has been

---

[2] Bissias actions were indeed detrimental to the corporation, as the corporation lost two valuable employees and became embroiled in this lawsuit as a result of the false report that Bissias made to her superiors.

[3] Defendant supports her 12(b)(6) motion with the affidavit of Christine T. Solis-Mendoza.  Although 12(b)(6) motions supported by affidavit could be considered as Rule 56 motions for summary judgment, it would be patently unfair to grant summary judgment for the Defendant because Plaintiff has yet to exercise his opportunities for pretrial discovery. C.f. Gibson v. City of Chicago, 910 F.2d 1510,1520 (7th Cir. 1990)

soundly rejected in <u>Popko</u>.  Accordingly the Defendants Motion to Dismiss should be denied or in the alternative the Plaintiff should be given leave to amend Count VI of his Complaint.

                              Respectfully Submitted.

                              Vasant Thakkar

                       By: /s/  Jeffery P. Gray_____
                              Jeffery P. Gray
                              Attorney for the Plaintiffs,
                              Vasant Thakkar and  Prafulla Thakkar

Jeffery P. Gray ARDC # 6180257
Attorney for the Plaintiff
27475 Ferry Rd
Warrenville, Illinois 60555
630-717-2761

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Vasant Thakkar and | ) | |
| Prafulla Thakkar | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| Vs. | ) | 08 CV 3344 |
| | ) | |
| Station Operators Inc. D/B/A | ) | Judge Pallmeyer |
| ExxonMobile Cors, ExxonMobile | ) | Magistrate Judge Cox |
| Oil Corp. and Kelly Bissias; | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF FILING

To:   Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      20 South Clark Street 25th Floor
      Chicago, Illinois 60603
      Att: Tracey Truesdale

   You are hereby notified that on August 18, 2008 we filed a Memorandum of Law in Opposition to the Defendant Bissias' 12(b)(6) Motion to Dismiss with the Clerk of the United States District Court, Northern District of Illinois, copies of which are attached hereto and hereby served upon you.

                                            Respectfully submitted,

                                            S/Jeffery Gray
                                            Attorney for Plaintiffs

## PROOF OF SERVICE

I, certify that on August 18, 2008, I electronically filed Plaintiffs **Memorandum of Law in Opposition to the Defendant Bissias' 12(b)(6) Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Ogletree, Deakins, Nash, Smoak & Stewart, P.C**.

                                            **Vasant and Prafulla Thakkar**

                                            By:    s/Jeffery Gray

Jeffery P. Gray, #6180257
27475 Ferry Road
Warrenville, IL 60555
630-717-2761
Fax 877-700-4899