**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VASANT THAKKAR and PRAFULLA THAKKAR, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 08 CV 3344 |
| v. | ) ) ) | Judge Pallmeyer Magistrate Judge Cox |
| STATION OPERATORS INC. d/b/a EXXONMOBILE CORS, EXXONMOBILE OIL CORP. and KELLY BISSIAS, | ) ) ) ) | |
| Defendants. | ) | |

*REPLY* **MEMORANDUM IN SUPPORT OF
DEFENDANT KELLY BISSIAS' MOTION
TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT**

**I.   INTRODUCTION**

Pending before the Court is Defendant KELLY BISSIAS' ("Bissias") motion to dismiss Plaintiff VASANT THAKKAR's ("Thakkar") claim of tortious interference with employment expectancy claim, set forth in Count VI of Plaintiffs' Complaint.  There are two bases for dismissal:  (1) complaining only that Bissias interfered with Thakkar's relationship with their mutual employer, Defendants STATION OPERATORS INC. and EXXONMOBIL OIL CORPORATION[1], Thakkar has failed to allege any facts showing that Bissias interfered with contractual or expected business relationship with a ***third party***, which is a required element of the tort, and (2) Thakkar has failed to allege any facts suggesting that Bissias acted with the

---

[1] In his Complaint, Plaintiff refers to Defendants STATION OPERATORS INC. ("SOI") and EXXONMOBIL OIL CORPORATION ("ExxonMobil") as a single collective entity – "Exxon".  *See* Complaint ¶¶6, 8.  In fact, Thakkar and Defendant Bissias were employed by SOI, and Defendant ExxonMobil is SOI's corporate parent. The declaration of human resources representative Christine Solis-Mendoza was submitted to clarify this single point – i.e., who Thakkar's and Bissias' actual employer was – however, it is not material for purposes of Bissias' dismissal motion, because even under the allegations set forth in Thakkar's Complaint, he alleges that he and Bissias were employed by the same entity, "Exxon".  Complaint ¶¶6, 8, 9.

malice required to overcome a supervisor's immunity from claims of tortious interference, another required element of the tort.

In his Response in opposition to Bissias' motion, Plaintiff counters that to state a claim for tortious interference, he need not show that a third party interfered with his employment relationship when arguing that his supervisor (Bissias) caused the interference, and that Bissias' claim of privilege is an affirmative defense not appropriate for consideration in the context of a Rule 12(b)(6) motion for dismissal. Because Plaintiff is wrong on both points, the Court should grant Bissias' motion to dismiss.

## II.  ARGUMENT

### A.  Thakkar Must Show Interference With A Third-Party Relationship

Thakkar contends that he need not show third-party interference with his employment relationship with "Exxon". *See* Plaintiff's Response at 4-5. In support of this contention, Thakkar relies upon an Illinois Appellate Court case, *Popko v. Continental Casualty Company*, 355 Ill.App.3d 257, 823 N.E.2d 184 (1st Dist. 2005), for the proposition that a termination memo prepared by an employee's supervisor suffices as "publication" to support a defamation claim against the employee's employer even though there is no distribution of the memo outside of the corporation.

But the claim brought by Thakkar is not a defamation claim – it is a tortious interference with employment expectancy claim. And the law that has developed under that tort is clear that an employer cannot interfere with its own employment relationship, and the employer's agents, who necessarily act on the employer's behalf, cannot be liable for tortious interference either, because they are not third parties to the relationship. *Quist v. Board of Trustees*, 258 Ill.App.3d 814, 629 N.E.2d 807, 811-12 (3rd Dist. 1994), *rehearing denied*, (Mar. 22, 1994); *see also*

2

*Fellhauer v. City of Geneva*, 142 Ill.2d 495, 512-13, 568 N.E.2d 870 (1991); *Ali v. Shaw*, 481 F.3d 942 (7th Cir. 2007); *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326 (7th Cir. 1983); *Naeemullah v. Citicorp Servs., Inc.*, 78 F.Supp.2d 783, 793 (N.D. Ill. 1999); *Kopystecki v. Quality Books, Inc.*, 1992 U.S. Dist. LEXIS 17335 at *17 (N.D. Ill. Nov. 10, 1992); *Diamond v. Chulay*, 811 F.Supp. 1321, 1334 (N.D. Ill. 1993); *Cromley v. Board of Education of Lockport*, 699 F.Supp. 1283, 1299 (N.D. Ill. 1988). As the Seventh Circuit stated in *Ali v. Shaw*, 481 F.3d 942 (7th Cir. 2007, "In the corporate world, officers enjoy immunity from these types of claims provided that they took the action in pursuit of the legitimate interests of the company." *See also Naeemullah v. Citicorp Servs., Inc.*, 78 F.Supp.2d 783, 793 (N.D. Ill. 1999) ("Corporate officers, supervisors and co-workers – even those who have a hand in terminating the employee – 'are privileged to act on behalf of the corporation, using their business judgment and discretion'"). Indeed, if corporate officers and managers were not privileged to act on behalf of their principal and could be held individually accountable to those negatively impacted by their decisions, they would be inhibited from taking action on their employer's behalf for fear of personal liability. *See Naeemullah*, 78 F.Supp.2d at 793; *Kopystecki v. Quality Books, Inc.*, 1992 U.S. Dist. LEXIS 17335 at *17 (N.D. Ill. Nov. 10, 1992). Because the actions attributed to Bissias – reporting Thakkar's violation of SOI's work rules regarding driving and transferring product between stores – falls squarely within her role as an SOI supervisor, she was acting in her role as an agent of SOI (or "Exxon") and no third-party interference occurred or is even alleged to have occurred. Accordingly, Count VI must be dismissed.

      **B.**    **The Court May Properly Dismiss Count VI**
              **On The Basis Of Bissias' Privilege As SOI's Agent**

In his Response, Plaintiff asserts without any authority that "[t]he claim of privilege is

considered an affirmative defense pursuant to Rule 8(c) of the Federal Rules of Civil Procedure", such that he has no obligation to plead any facts to negate that privilege.  Plaintiff's Response at 5.

"Privilege" is nowhere mentioned in FRCP 8(c).  However, even if it was, there is nothing in FRCP 8(c) which prohibits a court from considering an affirmative defense as a basis for dismissing a claim.

Additionally, both the Seventh Circuit and the Illinois Supreme Court have interpreted Illinois law as requiring a plaintiff claiming tortious interference with contract, economic advantage or employment expectancy to not only affirmatively plead malice (it is an element of the tort), but, more importantly, to **plead specific facts** supporting the allegations of malice.  *See Fellhauer v. City of Geneva*, 142 Ill.2d 495, 512-13, 568 N.E.2d 870, 878 (1991); *George A. Fuller Co. v. Chicago College of Osteopathic Medicine*, 719 F.2d 1326, 1331-32 (7th Cir. 1983).

Thus, in *Fellhauer*, the seminal case on the tort of tortious interference with employment relationship, the Illinois Supreme Court considered and expressly rejected the argument that a supervisor's claim of privilege must be pled as an affirmative defense and cannot be raised on a motion to dismiss.  142 Ill.2d at 512-13, 568 N.E.2d at 878.  In *Fellhauer*, a city employee brought suit against the mayor personally for terminating him, arguing that the mayor tortiously interfered with his employment with the city.  The mayor argued that he was acting within the privilege of his office when he made the decision to terminate the plaintiff.  Rejecting the plaintiff's argument that the mayor's privilege argument was not a legitimate basis for dismissal under Section 2-615 of the Illinois Code of Civil Procedure, 735 ILCS 2-615, the court held that where the conduct of a defendant in a tortious interference case is privileged, "it is plaintiff's burden to plead, as part of his *prima facie* case, that the defendant's actions were 'unjustified or

malicious'". *Id.* at 513 (citing *HPI Health Care Services, inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill.2d 145, 156 (1989)). The court went on to sustain the appellate and trial courts' dismissal of the city employee's tortious interference claim, reasoning as follows:

> For our purposes here, we consider that defendant [mayor's] relationship with the city is in many respects analogous to a corporate officer's relationship with a corporation. As the court phrased the issue in *Swager [v. Couri, 77 Ill.2d 173 (1979)]*, "The question presented, therefore, is whether protection of the particular contractual interest at issue merits prohibition of the particular conduct at issue." *(77 Ill.2d at 190.)* The situation alleged here does not present an instance of "outsiders intermeddling maliciously in the contracts or affairs of other parties". *(Loewenthal Securities Co. v. White Paving Co., (1932), 351 Ill. 285, 300.)* It instead involves the discharge of an appointed public official by the officer authorized by statute to both initiate and terminate employment for that position. Moreover, although plaintiff alleges that Mayor Lewis filed false charges with the city council, plaintiff has failed to specify in what way the charges were inaccurate or untrue. We conclude that count III of the plaintiff's amended complaint fails to state a cause of action.

*Fellhauer*, 142 Ill.2d at 513, 568 N.E.2d at 879 (emphasis in original).

In *Fuller*, a general contractor brought a claim under Illinois state law for tortious interference with contract against a college, the college's officers and an architectural firm. All of the defendants moved to dismiss the tortious interference claim under FRCP 12(b)(6). The district court granted the motion, and the general contractor appealed. In considering the propriety of bringing such a claim against the individual college officers, the Seventh Circuit recognized that "[c]orporate officers are not outsiders intermeddling maliciously in the business affairs of the corporation. They are privileged to act on behalf of their corporations, using their business judgment and discretion." 719 F.2d at 1333. The court stated that a corporate officer's immunity ceases to exist only when his action is detrimental to the corporation and outside of corporate authority:

> In light of these policies, Illinois law requires – to state a cause of action against corporate officers for interfering with their corporate principal's contract – the allegations of facts which, if true, establish that the officers induced the breach to

5

> further their personal goals or to injure the other party to the contract, and acted contrary to the best interest of the corporation.

*Id.* at 1333 (citations omitted). The appellate court found that the general contractor's bald assertions of the officers' "malice" and "conspiratorial interference", which were not supported by factual allegations showing that the officers acted without justification or privilege, did not state a cause of action for tortious interference with contractual relations. *Id.* at 1333 n. 6.

Here, Thakkar has failed to allege specific facts to support his bald assertions of malice. The Complaint is noticeably devoid of any allegations as to what motivated Bissias to "lie" about having not given permission to Thakkar to transfer store product, and certainly nothing to suggest that her alleged conduct was either detrimental to the corporation or motivated by her personal interests. There is no claim that Bissias had any personal stake in enforcing SOI's rules against driving on company business or transferring product between stores or reporting Plaintiffs' violation of said rules, or that Bissias carried any personal animosity toward Thakkar or acted with the intent solely to harm him. *See Kopystecki*, 1992 U.S. Dist. LEXIS 17335 at *18-19 (complaint allegations that female plaintiffs' termination was motivated by an "unlawful animus against plaintiffs based on their sex" and was based on "lies about their performance" held insufficient to survive motion to dismiss where such allegations did not suggest that decisionmakers acted for their own personal interests or with personal hostility or resentment toward plaintiffs). Because *Fellhauer* and *Fuller* require that Thakkar do more than simply recite in legalese the required elements of the tort, they are insufficient to state a claim for relief Consequently, for this additional reason Count VI must be dismissed pursuant to FRCP 12(b)(6).

### III. <u>CONCLUSION</u>

For all the reasons set forth above and Defendant's Memorandum in Support of her Motion to Dismiss, Defendant KELLY BISSIAS submits that the tortious interference with

6

employment expectancy claim set forth in Count VI of Plaintiffs' Complaint should be dismissed for failure to state a claim, and Count VI being the only claim made against Bissias in this action, she should be dismissed as a party to Plaintiffs' lawsuit.

        Respectfully submitted,

        KELLY BISSIAS

        By: /s/ Tracey L. Truesdale
            One of Defendant's Attorneys

Robert P. Casey (ARDC No. 00409049)
Tracey L. Truesdale (ARDC No. 06207891)
Matthew S. Levine (ARDC No. 6293222)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
20 S. Clark St., 25th Floor
Chicago, IL 60603
312-558-1220

Dated: August 26, 2008

*c/m: 003984-32*

**6594656_1.DOC**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on August 26, 2008, the foregoing REPLY MEMORANDUM IN SUPPORT OF DEFENDANT KELLY BISSIAS' MOTION TO DISMISS COUNT VI OF PLAINTIFFS' COMPLAINT was filed electronically. Notice of this filing will be sent via the Court's electronic filing system to:

> Jeffery P. Gray, Esq.
> 27475 Ferry Rd.
> Warrenville, IL 60555
> Attorney for Plaintiffs

> By: /s/ Robert P. Casey
> One of Defendants' Attorneys

6594656.1 (OGLETREE)